IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY REDDING, | ) | CASE NO.:    1:16-CV-1411 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| FINN'S INCORPORATED | ) | <u>MEMORANDUM OPINION</u> |
| D/B/A FINN'S TIRE & | ) | <u>AND ORDER</u> |
| AUTOMOTIVE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss or Motion for Summary Judgment.  (ECF # 5).  Plaintiff, Wesley Redding, filed a Brief in Opposition to the motion to dismiss (ECF #9), and Defendants filed a Reply Memorandum in support of their motion.  After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss or Motion for Summary Judgment is GRANTED in part and DENIED in part.

**<u>STANDARD OF REVIEW</u>**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of*

*Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993).  "A  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232,  236 (1974).

Under Rule 12(d), "[i]f on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  If a Rule 12(b)(6) motion is converted to a motion for summary judgment, all parties must be given a reasonable opportunity to present all material pertinent to the motion.  Fed. R. Civ. P. 12(d).

Summary Judgment is appropriate only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

## PROCEDURAL HISTORY

The Complaint (ECF #1) alleges that he was a non-exempt employee of the Defendants, and that they failed to pay him wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Ohio Revised Code §§ 4111.01, *et seq*.. Plaintiff also alleges that the Defendants failed to keep accurate records as required by 29 C.F.R. § 516.2., and that Defendants are liable under either breach of contract or promissory estoppel for allegedly discharging Mr. Redding without cause.

Defendants argue that Mr. Redding is exempt from the wage and overtime provisions of the FLSA because he qualifies as a "bona fide" executive or administrator under 29 U.S.C. § 213(a)(1). They further argue that he signed an employment agreement indicating his awareness that he was at "at-will" employee who could be terminated at any time either with or without cause, and that there was, in fact, just cause to terminate him.

## ANALYSIS

-3-

Although their motion is termed a "Motion to Dismiss or Motion for Summary Judgment, Defendants do not actually rely on the dismissal standard of Fed. R. Civ. P. 12(b)(6).  They make no argument that the allegations in the Complaint are insufficient to state a claim for relief under the applicable standards.  Nor would any such argument have been persuasive.  The allegations in the Complaint do not need to convince the Court that Plaintiff will prevail on his claims in order to survive a 12(b)(6) motion to dismiss, rather, the Court is only to determine whether the allegations are sufficient to entitle the Plaintiffs to offer evidence to support their claims.  *See Scheuer v. Rhodes*, 416 U.S. 232,  236 (1974).   The allegations in Mr. Reddings' Complaint are sufficient to meet this threshold.

In support of their motion Defendants rely on their recitation of the facts relating to the case, and upon documents and affidavits they submitted as evidence to support these factual allegations.   Under Fed. R. Civ. P. 12(d), therefore, the Court must deny the motion or convert it to a motion for summary judgment.  Plaintiff responded to the Defendants opposition as if it were a motion for summary judgment, attaching his own affidavit, without request for additional time, but also noted that he had not yet been allowed to conduct discovery on all of the material issues.

Defendants submitted evidence showing that Mr. Redding executed a Manager Employment Proposal setting forth various terms of his employment including his salary, hours, vacation, and an acknowledgment that his employment was "terminable at will, meaning that it is for no definite period and that it may be terminated. . . at any time, with or without cause."  (ECF #5 - Ex. A).  The application he filled out and signed to apply for the position also indicated that this was an at-will position.  (ECF #5 -Ex. B).   The application also indicated that any change in employment terms that contradicted the information in the application "must be in writing to be

enforceable." *Id.* Defendants also argue that Mr. Redding was terminated for cause, for failing to meet his sales and service expectations, although they have not submitted evidence in the way of documentation or an affidavit attesting to this assertion.

Defendants also provided evidence in the form of affidavits from Brian Ettinger, President of Defendant Finn's Tire & Automotive, and from other employees of the Defendant. Those affidavits set forth some evidence that, if believed, could support a finding that Mr. Redding was an exempt employee. However, Mr. Redding's affidavit, attached to his opposition, provides that evidence, that if believed, could weigh against a finding that he was an exempt employee. Therefore, the evidence currently before the Court creates a genuine issue of material fact as to whether Mr. Redding's job duties qualified him as an exempt employee, and summary judgment on that issue must be denied at this time.

With regard to the claims for breach of contract and/or promissory estoppel, Mr. Redding has not offered any evidence or even argument that would support these claims. He does not contest the fact that he signed employment documents, provided to the Court by the Defendants, acknowledging and accepting his status as an at-will employee. Neither does he contest Defendants' claim that he was actually terminated for cause because he failed to meet the sales and service goals established by his employer.[1]

---

[1] Because Defendants offered no actual evidence to support this claim, Mr. Redding's apparent acceptance of the claim may not technically be sufficient to allow for summary judgment on the question of whether he was terminated for cause. However, because there is no evidence to contradict that he was an at-will employee, cause need not be established in this case for Defendants to be granted summary judgment on the breach of contract and promissory estoppel claims.

Rather than submit evidence to contradict Defendants' position, on the breach of contract and promissory estoppel claims,  Mr. Redding contends that Defendants' motion should be denied because he has not had time to conduct discovery as to whether the contract he signed acknowledging his status as an employee at will is enforceable "due to lack of consideration, fraud, duress, unconscionability or other facts.  Normally, the Court would be hesitant to grant summary judgment at such an early stage of the litigation if the non-moving party claimed that they could not establish their case without some form of discovery.  However, facts that would support each of these potential defenses to the enforceability of the employment agreement would be within Mr. Redding's own knowledge.  Yet, he has offered no statement in his affidavit that would support any of the above contract avoidance theories.  Further, he has made no allegation in his Complaint of any facts that would necessarily underlie these theories.  He does not claim that the employment agreement was without any consideration.  To the contrary, he admits he was hired, paid a salary and even received a raise in connection with this employment relationship.  He does not claim to have been fraudulently induced into entering the employment relationship, to have suffered duress, or to have been victim of any other set of circumstances that would provide some basis to avoid the terms of the employment agreement.

There are only two factual allegations Mr. Redding has offered in support of these two claims: (1) Defendants gave him a letter of recommendation, and (2) Defendants told him before he accepted the job that they prefer to keep employees until they retire.  (ECF #9-1).  Neither constitutes evidence that would support Mr. Redding's claim for breach of contract or promissory estoppel.  In fact, they are insufficient to even raise a question as to whether the written agreement between the parties was unenforceable. The fact that Defendants gave Mr. Redding a

letter of recommendation to assist him in finding other employment after his termination is not evidence that he failed to meet his sales goals, nor that his at-will employment agreement was somehow null and void.  Nothing in that letter contradicts their contention that he did not fulfill the goals and expectations they had for him in that particular job.  (ECF #9-2).   Further, a statement made by an employer that they prefer to keep employees until they retire does not equate to a contract to terminate an employee only for cause, or otherwise void a written agreement that specifies that the employment is at-will.   Not only has he failed to offer any evidence that could support his claims, he has presented no factual allegation or legal theory that could be reasonably expected to overcome the evidence presented by the Defendants on this issue.   Mr. Redding has offered nothing to suggest that, even with further discovery, he could prove each of the required elements of his breach of contract and promissory estoppel claims.  Therefore, Defendants motion for summary judgment is granted as to these two claims.

## **CONCLUSION**

For the reasons set forth above, the Defendants' Motion to Dismiss (ECF #5) is hereby GRANTED in part and DENIED in part.  The motion is denied with respect to Counts One (FLSA) and Two (R.C. 4111.01) of the Plaintiff's Complaint; and, is granted with respect to Counts Three (Breach of Contract) and Four (Promissory Estoppel) of Plaintiff's Complaint (ECF #1).  IT IS SO ORDERED.

      /s/ Donald C. Nugent
    Judge Donald C. Nugent
    United States District Judge

Date:   October 6, 2016